UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROY LEE HUGHES, II                      CIVIL ACTION NO. 03-0792-P

versus                                      JUDGE HICKS

WARDEN, ET AL.                       MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

A Caddo Parish jury convicted Roy Lee Hughes ("Petitioner") of armed robbery and second degree kidnapping. Petitioner was also adjudicated an habitual offender (fourth felony) and was sentenced to life imprisonment. Petitioner pursued several issues on direct appeal and through the state post-conviction remedy process. He then filed a federal petition for habeas corpus relief that asserts all of the issues exhausted in state court. It is recommended, for the reasons that follow, that the petition be denied as untimely.

**Commencement of One-Year Limitations Period**

A one-year period of limitations applies to petitions for habeas corpus. In an ordinary case, such as this one, the limitation period runs from the date on which the state court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first step in assessing timeliness is, therefore, to determine when Petitioner's conviction became final and triggered the commencement of the one-year limitations period.

In a typical case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction becomes final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). The rule is different if the defendant does not complete the appellate process and reach the state's highest court. "If the Defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." Roberts, 319 F.3d at 694.

Petitioner's direct appeal did not follow the typical path because, as set forth below, all of his submissions after the intermediate appellate court affirmed his conviction were untimely. That rendered his conviction final for purposes of Section 2244 upon the expiration of the 30-day period for filing an application to the Supreme Court of Louisiana for a supervisory writ. This is a critical point because more than one year expired between that date and any event that could toll the limitations period, rendering this federal petition untimely. A detailed discussion of Petitioner's appellate process and applicable law follow.

The Second Circuit Court of Appeal affirmed the conviction by judgment rendered December 8, 1999. Tr. 1111. The decision stated plainly on the first page that an application for rehearing could be filed within the delay permitted by La. C. Cr. P. art. 922, which is fourteen days after rendition of the judgment. Petitioner could also have sought further review in the Supreme Court of Louisiana by filing an application for supervisory writ, which

"shall be made within thirty days of the mailing of the notice of the original judgment of the Court of Appeal; however, if a *timely* application for rehearing has been filed in the Court of Appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing." Louisiana Supreme Court Rule X, § 5(a) (emphasis added).

Petitioner did not timely apply for rehearing nor did he timely apply for a supervisory writ. He did file with the Court of Appeal a motion for extension of time to file for rehearing. His motion was signed on January 3, 2000 and (according to the Court of Appeal's later order) postmarked January 4, 2000. Both of those dates are beyond the fourteen days after December 8, 1999 that were permitted to apply for rehearing. Petitioner stated in the motion that he did not receive the appellate court's opinion until December 13, 1999 and that he "was unable to prepare his writ or get legal assistance from (the) prison law library." He added: "In addition to the holidays the appellant did not (have) enough time to file his writ due to the backup during the holiday season." Tr. 1131.

The Court of Appeal denied the motion because it was "untimely." The Court observed in its order that, even accepting Petitioner's claim that he did not receive the opinion until December 13, Petitioner's motion for extension was not postmarked until January 4, which was more than fourteen days after Petitioner received the opinion. The Court of Appeal also stated: "Under Supreme Court Rule 10, Sec. 5, this court's judgment of December 8, 1999 appears to be final." Tr. 1133.

Despite the Court of Appeal's order, Petitioner attempted to file an untimely Application for Rehearing that was received by the appellate court on February 10, 2000. The clerk of court returned the application, accompanied by a letter that explained once again that the December 8, 1999 judgment appeared to be final and that the application for rehearing "was not filed because it is untimely." Tr. 1157.

Petitioner also made submissions to the Supreme Court of Louisiana. An application for supervisory writ that is properly mailed is deemed timely filed if mailed on or before the last day of the delay for filing. Louisiana Supreme Court Rule X, § 5(d). Petitioner mailed on January 6, 2000 (29 days after the appellate court's decision) not a writ application but a Motion for Extension of Time to File Application for Certiorari and Review. Tr. 1134; 1156(A). Petitioner represented in the motion that he had a prison job assignment that consumed most of his time and that there was no or limited assistance in research, drafting and preparation of pleadings. He submitted that those circumstances constituted good cause for granting him an additional sixty days to file a writ application with the high court. The motion had attached to it a copy of the Court of Appeal's opinion, but the motion did not include any arguments on the merits or identify any issues that would be presented for review.

The clerk of court received the documents and assigned them a case number. Tr. 1158. There is no indication that the Supreme Court ever issued a written order that granted or denied the motion. The motion would have been denied by operation of law because Rule

X, § 5(a) states with respect to the time for filing a writ application: "No extension of time therefor will be granted." The Fifth Circuit, in examining a timeliness issue in Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000) emphasized that Rule X, § 5(a) "sets out no specific exceptions to, or exclusions from, [the 30-day filing] requirement" and that the rule "forbids any extension of the 30-day limit."

Petitioner later mailed to the Supreme Court of Louisiana on February 15, 2000 (long after the 30-day period expired) an untimely application for a supervisory writ. Tr. 1159. The clerk of court filed the application under the same case number assigned when the motion for extension was filed, but there is no legal basis upon which to employ that administrative act to effect a judicial extension of time in the face of the plain language of Rule X. Petitioner later submitted a supplemental application. Tr. 1202. The Supreme Court issued on November 27, 2000 a simple order that the application was "Denied." Hughes v. State, 775 So.2d 441 (La. 2000). The Court issued on February 2, 2001 the following order: "Reconsideration denied." Hughes v. State, 783 So.2d 389 (La. 2001). Tr. 1296.

Petitioner's conviction became final when he did not file a timely application for supervisory writ within thirty days of the appellate court decision that issued on December 8, 1999. As explained above, in the typical case where a defendant timely pursues his appellate remedies to his state's highest court, his conviction is not deemed final until the ninety-day period has passed during which a petition for certiorari may be filed with the Supreme Court. The rule is different if the defendant does not complete the appellate process

and reach the state's highest court. If the defendant stops the appeal process before that point, "the conviction becomes final when the time for seeking further direct review in the state court expires." Roberts, 319 F.3d at 694. Accordingly, Petitioner's conviction became final on January 7, 2000, when the thirty-day period for filing an application for a supervisory writ expired. McGee v. Cain, 104 Fed. Appx. 989, 990-91 (5th Cir. 2004) (applying Roberts to a Louisiana appeal when application for supervisory writ to high court was not timely). Nothing that Plaintiff filed in the Court of Appeal or Supreme Court of Louisiana, after the appellate decision was entered, was timely. Based on the holding in Williams, discussed below, none of those untimely filings did anything to prevent the conviction from becoming final and commencing the one-year limitations period.

In Williams v. Cain, supra, the Fifth Circuit faced the issue of whether an untimely writ application to the Supreme Court of Louisiana (filed in connection with a post-conviction application) that was rejected with a one word "Denied" order had any tolling effect. The petitioner in Williams had to file his federal petition within the one-year grace period that followed enactment of the AEDPA and expired on April 24, 1997. The petitioner had filed an untimely writ application with the Supreme Court of Louisiana in May 1995 that remained pending almost two years before it was summarily denied in April 1997. He quickly filed his federal petition in July 1997, just two months after the last action by the state court.

As in this case, the only potential for tolling the limitations period that would have otherwise expired was the pendency of Mr. Williams' untimely filed writ application. The Fifth Circuit held that the post-conviction application ceased to be "properly filed" for purposes of tolling under Section 2244(d)(2) when the petitioner failed to file his application for a supervisory writ within the time allowed by Rule X, § 5(a). 217 F.3d at 308. Tolling was also unavailable because the post-conviction application ceased to be "pending" within the meaning of the statute when the petitioner failed to timely file an application for a supervisory writ. Id, at 309. Thus, the period for filing a federal petition expired in April 1997 with no tolling whatsoever by the untimely writ application, and the federal petition was untimely.[1]

Williams was decided in the context of the post-conviction application process, but there are no apparent grounds to warrant ignoring its holding in this direct appeal context. Supreme Court Rule X applies identically to both types of proceedings. And the Fifth Circuit in McGee, supra applied Williams in the context of an untimely writ application that followed an affirmance on direct appeal. Once again, Petitioner's untimely submissions to the Supreme Court of Louisiana neither affected the date his conviction became final nor

---

[1] Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001) held that an untimely application for a supervisory writ would, *if the state court addressed it on the merits*, toll the period from the filing of the untimely application until its denial. There is no indication that any of Petitioner's untimely submissions during the direct appeal process were considered on the merits. The Court of Appeal stated expressly that it rejected the submissions because they were untimely, and the Supreme Court of Louisiana denied the untimely application without explanation, exactly as it did in Williams. Accordingly, Kaylo does not support a tolling argument.

tolled the limitations period. The result may appear a bit harsh in a case where the untimeliness is not extraordinary, but it is not difficult to imagine the mischief that could be worked with untimely writ applications if the rules were otherwise.

**Effect of Post-Conviction Application**

Prisoners often pursue post-conviction relief in the state courts before resorting to federal habeas corpus. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [subsection (d)]." Section 2244(d)(2). Although a conviction is not deemed final until the ninety days for seeking a writ of certiorari has expired, that rule does not apply when measuring the tolling effect of a post-conviction proceeding. Section 2244(d)(2) "does not toll the limitations period from the time of denial of state habeas relief by the state high court until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari." Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Petitioner filed an application for state post-conviction relief on September 19, 2001. Tr. 1297. He pursued that application through the appellate court and to the Supreme Court of Louisiana, which denied writs on February 7, 2003. Tr. 1473. All procedural steps taken during the state post-conviction process were timely,² so *if* the period of limitations had not

---

² The State contends in its brief that Petitioner's application to the Supreme Court for a supervisory writ was untimely because it was filed more than 30 days after the Court of Appeal denied a writ on January 7, 2002. The order that denied the writ contains a typed indication that it was filed on "01/07/02", but there are three handwritten indications on the same order that make clear that the order was signed and filed on January 17, 2002. Tr. 1423. Accordingly, Petitioner's

run before Petitioner filed his post-conviction application, the post-conviction proceedings tolled the limitations period from September 19, 2001 until February 7, 2003. Petitioner filed his federal petition on May 2, 2003, about three months later.

Far more than one year (621 days) passed between the finality of the conviction on January 7, 2000 and the filing of the post-conviction application on September 19, 2001. Because the one-year period of limitations had already expired, the filing of the state post-conviction application in September 2001 was of no moment. The application could not toll a limitations period that had already expired. Terry v. Dretke, 2006 WL 372471 (5th Cir. 2006)("state petitions filed after the expiration of the limitations period do not toll the limitation of § 2244"). The only potentially relevant things that happened between finality of the conviction and the filing of the post-conviction application were Petitioner's untimely submissions to the Court of Appeal (denied as untimely) and the Supreme Court of Louisiana (denied without comment), and Williams precludes those submissions from having any tolling effect.

**Equitable Tolling**

Petitioner argues that he is entitled to be forgiven for his untimeliness because, during the 30 days he had to prepare a writ application, there was "limited movement" permitted in the prison (due to a recent escape attempt that resulted in the death of a correctional officer).

---

writ application that was post-marked February 15, 2002 (Tr. 1424) was timely.

Petitioner also states that he was unable to obtain the help of an inmate paralegal. These arguments are in the nature of an appeal for equitable tolling.

The limitation period of Section 2244 is subject to equitable tolling "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). The doctrine "applies principally where the [defendant] ⋯ is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 401-02 (5th Cir.1999).

There is no indication that Petitioner was faced with a situation different from most other inmates who are pursuing legal matters. He does not articulate how the alleged limited movement in the prison stopped him from preparing and making a timely filing. He likely could have met the deadline for applying to the Supreme Court of Louisiana if he had focused his efforts on that task. Instead, during the 30 days he had to file an application with the high court, he pursued an untimely request for rehearing in the appellate court and filed a legally meritless motion with the Supreme Court to extend the time for filing a writ application. And the lack of an inmate paralegal is certainly not so extraordinary as to apply the doctrine. If it were, the limitations period would become meaningless in many prisoner cases.

The extraordinary nature of the circumstances that are a prerequisite to application of equitable tolling are demonstrated by cases such as Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir. 2000)(ignorance of law, lack of knowledge of deadlines, and pro se status insufficient to warrant equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)(unfamiliarity with legal process, illiteracy, and lack of representation do not merit

equitable tolling); and <u>Melancon v. Kaylo</u>, 259 F.3d at 408 ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Finally, equitable tolling is usually reserved for petitioners who diligently pursue the filing of a Section 2254 petition, rather than to make up for mistakes or untimely steps made during the pursuit of a direct appeal. Assuming the doctrine's availability in this setting, Petitioner has not alleged facts that warrant its application.

**Conclusion**

It is recommended that the petition be denied as untimely, but it is worth noting that all but one of the arguments presented in the petition appear to be susceptible of ready resolution on the merits in favor of the State. Only one issue, the alleged failure of counsel to interview two alibi witnesses specifically identified by Petitioner, has the potential to require additional legal and factual development.

Petitioner alleged in his state post-conviction application that he gave the names and addresses of two alibi witnesses who would testify that he was in Dallas, Texas rather than Shreveport at the time of the crime, but counsel failed to interview the witnesses or call them at trial. Tr. 1321, 1324. The State's memorandum in response (Tr. 1342) addressed other <u>Strickland</u> claims but omitted any discussion of this issue. Tr. 1347. Petitioner pointed out in his traverse that the State did not address the issue. Tr. 1357. The district judge issued a written decision that, with respect to this issue, stated only that "Counsel's failure to interview petitioner's alleged alibi witnesses does not satisfy the two-prong test of

Strickland." Tr. 1369-70. The appellate court denied a writ application, stating only that the trial court "correctly found that the claims raised in the trial court" were "without merit." Tr. 1423. The Supreme Court denied writs without comment. Tr. 1473.

If this court were required to address the merits of this claim, it might be difficult to resolve it without resort to a hearing or expansion of the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases. Perhaps defense counsel did contact the alibi witnesses and found them uncooperative, unbelievable, or contradictory of other evidence in the case. Perhaps counsel made diligent efforts to contact the witnesses but could not find them. Or perhaps counsel did nothing. The court would have a difficult time determining whether counsel acted based on strategic reasons or was ineffective without some factual basis in the record, which Rule 7 permits in the form of affidavits. Petitioner could, in response to counsel's affidavit, submit affidavits from the purported alibi witnesses and afford them the opportunity to describe the specific testimony they would have offered and indicate their willingness to testify at trial. Those steps need not, however be taken because the above analysis shows that the petition is not timely.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied as untimely** and that Petitioner's complaint be **DISMISSED WITH PREJUDICE.**

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 29th day of March, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE